IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| HERBERT B. DUNKLE, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 5:16-cv-0050 |
| ) | |
| COMMONWEALTH OF VIRGINIA, ) | By: Elizabeth K. Dillon |
| ) | United States District Judge |
| Defendant. ) | |

**MEMORANDUM OPINION**

Plaintiff Herbert B. Dunkle, III, proceeding *pro se*, seeks leave to proceed *in forma pauperis* (Dkt. No. 1). As part of his complaint, he also requested that the court order certain preliminary injunctive relief. (Compl. 5, Dkt. No. 2) That portion of his complaint has been separately docketed as a motion for emergency injunction (Dkt. No. 3), which the court construes as a motion for temporary restraining order or preliminary injunction. The court held a hearing on both pending motions on August 23, 2016, and Dunkle appeared via telephone. For the reasons stated at the hearing and explained in more detail herein, the court will grant Dunkle *in forma pauperis* status, but will deny his motion for temporary restraining order or preliminary injunction. The court also will dismiss his complaint in its entirety, pursuant to 28 U.S.C. § 1915(e)(2)(B).

Dunkle's cover sheet states that he is bringing suit pursuant to 42 U.S.C. § 1983.[1] He claims that this court has federal question jurisdiction because his claims involve the alleged violation of rights under the Fourth, Seventh, Eighth, and Fourteen Amendments.

---

[1] In his complaint, Dunkle purports to bring a class action suit. It has long been the law in the Fourth Circuit, however, that *pro se* litigants may not serve as a class representative. *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975). Thus, the court declines to certify a class and treats his complaint as asserting a claim on his own behalf only.

(Compl. 2.) In his description of the facts of his claim, he alleges that a sheriff's deputy served an eviction notice on him and on his friend and housemate, Julia E. Souter, giving them 72 hours to vacate the premises where they reside with a third individual. The house had been owned by Souter and, according to Dunkle, Souter had paid off the mortgage on the property about two years ago. But he also stated that, according to state court records, other people now own the property.

In a subsequent notice, which gave the residents 24 hours of notice of the eviction, Dunkle and Souter were advised that any belongings that they left behind, including vehicles, animals, and personal records, would automatically become the property of the new property owner, pursuant to the Virginia Code. He argues that the property they have been forced to leave behind includes private HIPAA documents and court documents, as well as other important personal property, which he valued at approximately $20,000 to $30,000 for his property alone.

Dunkle claims that he, Souter, and the third resident of the property "are medically impaired and the statute does not give any recognition" to their inability to comply with the statute, or their inability to remove their property in such a short time-frame. (Compl. 4.) Specifically, Souter has either autism or Asperger's syndrome and she also suffered mini-strokes before and after the eviction proceedings in state court. Dunkle explained at the hearing before this court that he has medical difficulties, including COPD, congestive heart failure, and diabetes and that the eviction has caused him chest pains. The third person who was evicted is legally blind.

Dunkle acknowledged that there was a state court proceeding in Warren County that ordered the eviction, and that he was a defendant in that action. He also told the court that an appeal had been filed in that action.

He told the court that, through his complaint filed here, he is not seeking an appeal of the state court order. Instead, he requests that this court "immediately suspend enforcement of any eviction process in the Commonwealth of Virginia until the legislature corrects the deficiencies in all statutes relating to eviction." (Compl. 5.) It appears to the court that he is seeking an injunction and declaratory relief that Virginia's eviction statutes, at least as applied here, violate various federal constitutional amendments. He also requests that the state eviction process be under federal supervision for five years, and suggests some specific improvements to the eviction scheme. He also seeks damages in the amount of $100 million.

As the court explained during the hearing, Dunkle failed to establish the high standard for granting a temporary restraining order or preliminary injunction. "A preliminary injunction is an extraordinary remedy, to be granted only if the moving party clearly establishes entitlement to the relief sought." *Manning v. Hunt*, 119 F.3d 254, 263 (4th Cir. 1997) (internal quotation marks and alteration omitted). To obtain one, a moving party must establish all four of the following elements: (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342, 345–46 (4th Cir. 2009) (noting that all four of these requirements must be met for the movant to obtain

preliminary injunctive relief), *vacated on other grounds*, 559 U.S. 1089 (2010). As the court explained at the hearing, Dunkle has failed to show a likelihood of success on the merits of his § 1983 claim against the Commonwealth of Virginia.

In general terms, section 1983 provides a cause of action against "[e]very person" who deprives a citizen of his constitutional rights under color of state law. 42 U.S.C. § 1983. To state a legally cognizable claim under § 1983, a plaintiff "must establish three elements: (1) the deprivation of a right secured by the Constitution or a federal statute; (2) by a person; (3) acting under color of state law." *Jenkins v. Medford*, 119 F.3d 1156, 1159–60 (4th Cir. 1997). Dunkle's claim against the Commonwealth of Virginia fails for at least two reasons. First, Dunkle fails to establish the second element of his claim, because the Commonwealth is not a "person" subject to suit under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70–71 (1989).

Second, the Commonwealth has Eleventh Amendment immunity, which prevents Dunkle from asserting the claim against it here.[2] *Ballenger v. Owens*, 352 F.3d 842, 844 (4th Cir. 2003) (explaining that "a State cannot be sued directly in its own name regardless of the relief sought," absent consent or permissible congressional abrogation) (citations omitted). The Supreme Court has expressly held that 42 U.S.C. § 1983 does not destroy, waive, or preempt the Eleventh Amendment immunity of the States. *Quern v. Jordan*, 440 U.S. 332, 342 (1979). Because Virginia has Eleventh Amendment immunity from Dunkle's § 1983 claim, the claim against the Commonwealth is subject to dismissal on this ground, as well. For these reasons, the court concludes that Dunkle

---

[2] Although the court recognizes that it is not required to address Eleventh Amendment issues *sua sponte*, it is permitted to do so. *See Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 481–82 & n.3 (4th Cir. 2005).

cannot show a likelihood of success on the merits, and it will deny his motion for injunctive relief.

For the same reasons, his complaint is also subject to dismissal. Pursuant to 28 U.S.C. § 1915(e)(2)(B), a court shall "at any time" dismiss an *in forma pauperis* complaint if it fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii). In evaluating Dunkle's *pro se* complaint, the court must construe the complaint liberally, holding it to "less stringent standards that formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). Nonetheless, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Dunkle's complaint fails to state any plausible claim for relief, for all the reasons already discussed. Accordingly, the court will dismiss his lawsuit in its entirety.

## **CONCLUSION**

For the foregoing reasons, the court will grant Dunkle *in forma pauperis* status, deny his motion for temporary restraining order or preliminary injunction, and dismiss his complaint in its entirety. An appropriate order will follow.

Entered: October 21, 2016.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge